# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIGUEL ANGEL QUISPE,

    *Petitioner*,

vs.

ROBERT HILDRETH, *et al.*,

    *Respondents*.

2:03-cv-1170-PMP-RJJ

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court for disposition on the merits, following the filing of an Answer (#41) and Reply (#54).

### *Background*

    Petitioner Miguel Angel Quispe seeks to challenge his conviction, following a jury trial, of second degree kidnaping of a victim 65 years of age or older. In his First Amended Petition, Petitioner asserts the following claims: (1) in Ground One, that he was denied effective assistance of counsel when his trial counsel failed to file a direct appeal from his conviction; (2) in Ground Two, that the evidence was insufficient to sustain his conviction; and (3) in Ground Three, that he was denied a right to a fair trial under the Sixth and Fourteenth Amendments when the state trial court denied a motion to set aside the verdict on the basis of juror intimidation and coercion. #38.

    Respondents initially sought dismissal of the original Petition in this matter on the basis of the one-year federal limitations period under 28 U.S.C. § 2244(d)(1) and procedural default. The procedural default defense was based upon the Nevada Supreme Court's

affirmance of the denial of Petitioner's state post-conviction petition as untimely. Petitioner had sought to establish cause for the default in the state district court on the basis on ineffective assistance of counsel because his trial counsel failed to file a requested appeal after indicating to him that he was continuing to work on the case.

In Findings of Fact, Conclusions of Law and Order entered on February 16, 2005, the Court denied Respondents motion. Following an evidentiary hearing, the Court found, *inter alia*, that trial counsel believed that there were grounds for an appeal, that counsel did not consult with petitioner regarding his appeal rights and the time limit for taking an appeal, that counsel withdrew from the case without providing effective notice of his withdrawal to petitioner and without taking an appeal, and that counsel's subsequent communications with petitioner instead created a continuing impression that counsel still was attorney of record and was seeking to overturn the conviction. #34, Findings Nos. 23-26, 29, 31-34, 56 & 57.

The Court accordingly concluded, *inter alia*, that petitioner could demonstrate cause and prejudice excusing the procedural default of his claims in state court because he had been deprived of effective assistance of trial counsel:

> When ineffective assistance of counsel is claimed as cause, the inquiry is governed by the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *E.g., Loveland v. Hatcher*, 231 F.3d 640, 644 (9th Cir. 2000). Accordingly, a petitioner must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance resulted in prejudice. 466 U.S. at 688 & 694, 104 S.Ct. 2052.
>
> The Court has little difficulty in concluding that counsel's representation fell below an objective standard of reasonableness when he failed to consult with Petitioner concerning an appeal and instead withdrew without giving notice to his client. The client had not been advised by the state court regarding his appeal rights, and it is undisputed that Petitioner had viable, nonfrivolous grounds for appeal. Moreover, the client faced potential immigration consequences from the conviction over and above any possible incarceration. Under *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there were nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480, 120 S.Ct. at 1036. The

> present case falls squarely under the first alternative, as there were nonfrivolous grounds for appeal and a rational defendant would have wanted to appeal.
>
> Further, with particular respect to the resulting failure to file a timely post-conviction petition, the Ninth Circuit held in *Loveland* that "a defendant's reliance on his counsel to file a direct appeal is sufficient cause to excuse the defendant's procedural default in failing to file a timely post-conviction relief petition, *provided that* the defendant establishes (1) he actually believed his counsel was pursuing his direct appeal, (2) his belief was objectively reasonable, and (3) he filed his state post-conviction relief petition within a reasonable time after he should have known that his counsel was not pursuing his direct appeal." 231 F.3d at 644 (emphasis in original). In the present case, the Court has found that Petitioner had an actual belief that his counsel was seeking to overturn the conviction after he was sentenced, that this belief was objectively reasonable belief under the circumstances, and that, taking into account the impediments presented, he pursued state post-conviction relief within a reasonable time after he should have known that his counsel was not pursuing his interests. Quispe, who had been denied any assistance of counsel in this regard, may not have known to call the next step in the process a "direct appeal." But he had an actual and objectively reasonable belief that his counsel was continuing to take whatever legal steps were required to challenge the conviction. The Court therefore concludes that the requirements of *Loveland* have been satisfied in this case, such that Petitioner has demonstrated cause for the failure to file a timely state post-conviction application.
>
> Under *Flores-Ortega*, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 484, 120 S.Ct. at 1038. No further showing of the merit of the underlying claims need be made. 528 U.S. at 484, 120 S.Ct. at 1038-39. This required showing is easily satisfied in the factual circumstances presented.

#34, at 21-22 (footnotes omitted).

On June 10, 2005, Respondents filed an Answer to the First Amended Petition and a motion for reconsideration of the Court's order denying the motion to dismiss. In the motion for reconsideration, Respondents contended for the first time that it was improper to hold an evidentiary hearing on the procedural default issue. Respondents further contended for the first time that Petitioner could not bring forward facts in an evidentiary hearing in support of his allegations of cause because those allegations allegedly had not been exhausted in the state courts. The Answer, *inter alia*, also challenged exhaustion of the related Ground One.

By an Order (#50) filed December 12, 2005, the Court denied Respondents' motion for reconsideration.  The Court expressed no opinion at that juncture, however, with respect to the exhaustion defense raised in the Answer to Ground One as an independent claim.

### *Governing Standard of Review*

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 2066 n.7,138 L.Ed.2d 481 (1997).  Under 28 U.S.C. § 2254(d), the federal court may grant habeas relief only if the decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *E.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).

This deferential standard of review applies, however, only when the state court actually decides the claim under review on the merits.  Where, as in the present case, the state court rejects a claim on the basis of procedural default without reaching the merits, the AEDPA standard of review does not apply if the federal court reaches the merits; and the claim instead is subject to *de novo* review on federal habeas review. *See Chaker v. Crogan*, 428 F.3d 1215, 1220-21 (9th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 2023, 164 L.Ed.2d 780 (2006); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004); *Nulph v. Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003); *Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir. 2002).

As the Supreme Court of Nevada did not reach the merits of the claims in the present case, this Court reviews the claims under a *de novo* standard rather than the deferential standard of review that otherwise would apply under the AEDPA.

### *Discussion*

The Court need consider only Ground One to grant appropriate habeas relief in this matter at this juncture.

In Ground One, Petitioner alleges that he was denied effective assistance of counsel when his trial counsel failed to file a direct appeal from his conviction.

In the Answer, Respondents contend that Ground One is not exhausted. Respondents urge that Petitioner's ineffective assistance claim and related statement of cause for procedural default "were short – just two sentences long – bald, and conclusory" and thus failed to provide sufficient specific facts to the state courts to exhaust the claim. Respondents maintain that the claim in federal court was greatly expanded by the facts adduced in support of the claim at the federal evidentiary hearing. Respondent contend that the allegations in the First Amended Petition "so radically changed and altered the claim from what was presented to the State courts that it has metamorphasized [sic] into a wholly new and different claim, as a myriad of facts have been presented here that the State courts never had an opportunity to address." #41, at 3-5.

As in the motion for reconsideration, Respondents rely upon the following statements by the Supreme Court of Nevada when it concluded, without an evidentiary hearing in the district court, that Petitioner had failed to establish cause for the procedural default:

> . . . . Appellant failed to support his good cause claim with specific facts, which if true, would have entitled him to relief, and thus, appellant was not entitled to an evidentiary hearing in the instant case. Appellant failed to indicate what facts led him to believe that an appeal was being pursued by his attorney and when he learned that an appeal was not being pursued. Appellant was represented by several attorneys and failed to indicate which attorney allegedly misled him that an appeal was being pursued. Thus, appellant failed to demonstrate adequate cause to excuse his delay.

Hearing Exhibit 58, at 3-4.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.

2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

In the present case, Petitioner clearly did more than present only a "short – just two sentences long – bald, and conclusory" claim of ineffective assistance of counsel in state court.  Instead, Petitioner alleged, *inter alia*, as follows:

> . . . . Ground One:   <u>PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO FILE A DIRECT APPEAL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES</u> . . . .
>
> Supporting Facts (Tell your story briefly without citing cases or law):
>
> [Procedural background allegations omitted by the Court.]
>
> No direct appeal was ever filed by trial counsel on behalf of Petitioner. . . . .
>
> The filing of the notice of appeal by trial counsel . . . was an affirmative statutory and constitutional duty on trial counsel's part to file a direct appeal thirty (30) days from entry of judgment of conviction.  Specifically, when trial counsel told Petitioner that he would file an appeal for him, and that it would cost Petitioner $5,000.00 dollars to do so.  It is quite clear that trial counsel had the unqualified duty to protect Petitioner's rights, but failed to so, thereby causing Petitioner to lose his statutory, constitutional and fundamental rights to his first appeal of right to the Nevada Supreme Court.

Hearing Exhibit. 41, at 8-9.  Petitioner further alleged with regard to the failure to appeal:

> Petitioner does not speak English very well, nor does he [know] anything about the law, or even the Court rules and procedures concerning such matters.  Petitioner was under the impression that counsel would file an appeal, even [sic] after being asked to do so.

*Id.*, at 5.  Petitioner further alleged as follows regarding cause for the failure to file the post-conviction petition within the state one-year limitations period:

-6-

> Petitioner is now filing the instant Petition, due [to] counsel's failure to file an appeal on his behalf, after being informed that counsel would continue working on his case. Further, Petitioner does not know law, nor matters concerning appeals. Petitioner was further lead to believe that counsel was still working on Petitioner's case.

*Id.*, at 7. The state court petition identified Joseph Scalia as Petitioner's trial counsel. *Id*. at 7. Petitioner further alleged in the petition that he had prepared the petition from memory because trial counsel, despite several requests, had failed to send Petitioner's legal file. *Id.* at 13.

As this Court noted in the order denying Respondents' motion for reconsideration, the portion of the Nevada Supreme Court order declining to consider this claim as cause due to sufficient specificity is problematic in two substantial and significant respects.

First, the excerpt relied upon by Respondents states that Petitioner "was represented by several attorneys and failed to indicate which attorney allegedly misled him that an appeal was being pursued." Yet Petitioner clearly alleged in his state court petition that "*trial* counsel told Petitioner that he would file an appeal for him" but did not do so. Petitioner indisputably was represented by only a single attorney at trial, Joseph Scalia; and he so alleged in his state court petition. The fact that Petitioner later was represented by a different attorney in a probation revocation proceeding nearly a year later in no sense rendered his allegation that his trial counsel failed to take an appeal ambiguous and nonspecific.

Second, Petitioner expressly advised the state courts that he was having to prepare the petition from memory without his legal file because his trial counsel had failed to produce the file despite multiple requests. Indeed, the difficulties alleged by Petitioner in obtaining pertinent records from Mr. Scalia continued all the way through to the federal evidentiary hearing, even after multiple requests, a state court order, and a federal subpoena from this Court. See #34, at 10-12, Finding Nos. 39-50. It would be difficult for a *pro se* petitioner to provide substantial additional detail without access to his legal file.

This Court accordingly holds that Petitioner fairly presented Ground One to the state courts and exhausted the claim. Whether the state courts found the Petitioner's allegations

sufficient to warrant a state court evidentiary hearing when the procedural default issue was before those courts was a matter for those courts to decide. The state courts' determination does not bind this Court, however, in determining the federal law question of whether Ground One was fairly presented to the state courts. This Court concludes and holds that Petitioner clearly and fairly presented Ground One to the state courts for purposes of exhaustion and that he further apprised the state courts of impediments to his not being able to plead the claim with greater specificity because of still continuing malfeasance by his trial counsel. Once the claim was fairly presented to the state courts, the exhausted claim does not become an unexhausted "new claim" on federal habeas review merely because further facts are developed in federal court after Petitioner receives an evidentiary hearing, and, further, after Petitioner finally is able to obtain relevant withheld materials from his legal file.

The Court therefore rejects the exhaustion objection to Ground One in the Answer.

Respondents otherwise concede in the Answer, aside from the objection based on exhaustion, that the Court "has already found that the first claim has merit." #41, at 3. The Court adopts and incorporates its prior findings of fact and conclusions of law following the evidentiary hearing, and the Court holds that Petitioner was denied effective assistance of counsel under the Sixth and Fourteenth Amendments by trial counsel's failure to appeal his conviction.

Petitioner therefore is entitled to federal habeas relief on Ground One.

Petitioner requests that the Court enter an order conditionally granting the writ of habeas corpus and ordering the State of Nevada to provide him a direct appeal within a reasonable amount of time. However, the Supreme Court of Nevada held in *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), that the state high court does not have jurisdiction over an appeal filed after the expiration of appellate delays. Pursuant to the *Lozada* decision, Nevada state law instead makes available an equivalent remedy in which the state district court appoints counsel for the petitioner to prepare and file a state post-conviction petition in which the petitioner then may bring all claims of error that would have been appropriate on direct appeal, including claims that may not have been presented previously in the post-

1 conviction petition that claimed loss of the right to a direct appeal through ineffective
2 assistance of counsel. *Lozada*, 110 Nev. at 359, 944 P.2d at 950; *see also Gebers v. State*,
3 118 Nev. 500, 505, 50 P.3d 1092, 1095 (2002)(emphasizing the necessity of appointment of
4 counsel to help prepare a *Lozada* petition and noting that the petition may raise "direct appeal
5 claims regardless of whether or not [the petitioner] initially asserted any direct appeal claims
6 in his petition"); *Mann v. State*, 118 Nev. 351, 356, 46 P.3d 1228, 1231 (2002)(similar). In the
7 interests of comity between the state and federal courts, this Court accordingly will tailor its
8 order to the remedies available under Nevada state practice, so long as Petitioner is able to
9 secure review that is equivalent to that available on a timely direct appeal.[1]

10       Accordingly, the Court will conditionally grant the writ of habeas corpus on Ground One
11 and order entry of a judgment directing that the judgment of conviction and sentence will be
12 vacated unless, on a petition and motion by Petitioner, the state courts, within a reasonable
13 period of time, appoint counsel for Petitioner and provide a remedy equivalent to a direct
14 appeal pursuant to the decision in *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), or
15 equivalent state procedure, permitting Petitioner, with the assistance of appointed counsel,
16 to pursue all direct appeal claims that would have been available on a timely direct appeal
17 without regard to whether previously asserted in a state or federal habeas or post-conviction
18 petition. The Federal Public Defender, if precluded from appearing in state court, may
19 prepare the initial petition and motion for relief pursuant to this order for *pro se* filing by
20 Petitioner, monitor developments thereafter, and consult with state appointed counsel.

21       In the event that it is established, by a holding by the Supreme Court of Nevada or a
22 stipulation between the parties, that the state courts are not able to allow Petitioner to present
23 claims with appointed counsel for consideration as if on a timely direct appeal,[2] this Court,

---

[1] The decision cited by Petitioner, *Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000), concerned an Idaho state conviction; and the relief directed therein accordingly was not tailored to the remedies available under Nevada state practice.

[2] *Cf. Jackson v. State*, 115 Nev. 21, 22-24, 973 P.2d 241, 241-42 (1999)(under the state constitution, the state courts do not have jurisdiction to entertain a *Lozada* petition filed after the sentences have expired).

pursuant to the above directive, will enter an order unconditionally granting the writ of habeas corpus and vacating the conviction and sentence, including all collateral consequences therefrom.

The Court, consistent with the relief requested by Petitioner, will not consider the remaining grounds in the First Amended Petition at this juncture. As Petitioner is entitled to a procedure equivalent to a direct appeal in state courts, he will have the opportunity to present these and/or other claims to the state courts. The interests of comity and federalism are best served by allowing the state courts to have the first opportunity to review such claims. The Court accordingly will enter a partial judgment as to Ground One pursuant to Rule 54(b), will stay the remaining claims, and will administratively close the matter until such time as either a motion to reopen the matter or a motion to dismiss for mootness is presented.

The Court further will enter an order in Petitioner's immigration case, No. 2:04-cv-755-PMP-PAL, extending the stay of removal until the completion of all state and federal proceedings in this regard.

IT THEREFORE IS ORDERED, the Court finding pursuant to Rule 54(b) that there is no just reason for delay, that the Clerk of the Court shall enter Judgment as follows:

> IT IS ORDERED AND ADJUDGED that a conditional writ of habeas corpus is GRANTED on Ground One of the First Amended Petition, such that the judgment of conviction filed on December 15, 2000, in *State of Nevada v. Miguel Angel Quispe*, Case No. C160370, in the District Court for Clark County, Nevada, will be vacated unless, on a petition and motion by Petitioner, the state courts, within a reasonable period of time, appoint counsel for Petitioner and provide a remedy equivalent to a direct appeal pursuant to the decision in *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), or equivalent state procedure, permitting Petitioner, with the assistance of appointed counsel, to pursue all direct appeal claims that would have been available on

a timely direct appeal, without regard to whether previously asserted in a state or federal habeas or post-conviction petition.

IT FURTHER IS ORDERED AND ADJUDGED that the remaining claims in this matter are STAYED and that this matter is ADMINISTRATIVELY CLOSED until such time as either a motion to reopen the matter or a motion to dismiss for mootness is presented.

IT FURTHER IS ORDERED that, if precluded from appearing in the state court proceedings, the Federal Public Defender nonetheless is authorized by this Order to prepare the initial petition and motion for relief pursuant to this Order for *pro se* filing by Petitioner, facilitate the *pro se* filing thereof, monitor developments thereafter, and consult with state appointed counsel.

IT FURTHER IS ORDERED that the Clerk of the Court shall list only Petitioner's counsel on the docket sheet for service of all future papers upon Petitioner in this matter, as Petitioner both is represented and no longer is held at the institutional address listed on the docket sheet.

DATED this 22nd day of September, 2006.

_____
PHILIP M. PRO
Chief United States District Judge